(Reap. Dec. 10769)

ANDREW FISHER CYCLE Co., INC. v. UNITED STATES

Entry Nos. 978123–1/8; 706613–2.

(Decided June 9, 1964)

*Brooks & Brooks* for the plaintiff.

*John W. Douglas*, Assistant Attorney General, for the defendant.

LAWRENCE, Judge: The appeals for a reappraisement enumerated in schedule A, attached to and made a part of the decision herein, present the question of the proper dutiable value of certain bicycle tires, tubes, and rimbands, imported from Holland and identified on the invoices accompanying the entries with the letter "A" and initials "JK" by Examiner Joseph Kaufman.

The parties hereto have entered into a stipulation of fact wherein it has been agreed as follows:

IT IS FURTHER STIPULATED AND AGREED that at the time of exportation of the instant merchandise to the United States, the prices at which such merchandise was freely offered for sale to all purchasers in the principal market of the country from which exported in the usual wholesale quantities and in the ordinary course of trade, for export to the United States, including the cost of all containers and coverings of whatever nature, and all other costs, charges and expenses incident to placing the merchandise in condition, packed, ready for shipment to the United States were the invoiced unit prices as entered.

Upon the agreed facts of record, the court finds and holds that export value, as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956 (19 U.S.C. § 1401a(b)), is the proper basis of value for the items of bicycle tires, tubes, and rimbands in issue, marked and initialed on the invoices as

aforesaid, and that said value is represented by the invoiced unit prices as entered.

Judgment will issue accordingly.